## NATIONAL LABOR RELATIONS BOARD v. ENGINEERING & RESEARCH CORPORATION.

### No. 5256.

Circuit Court of Appeals, Fourth Circuit.

Oct. 12, 1944.

Writ of Certiorari Denied Jan. 29, 1945.

See 65 S.Ct. 560.

Fannie M. Boyls, Atty., National Labor Relations Board, of Washington, D. C. (Alvin J. Rockwell, Gen. Counsel, Malcolm F. Halliday, Associate Gen. Counsel, and Jacob I. Karro, Atty. National Labor Relations Board, all of Washington, D. C., on the brief), for petitioner.

Ellis B. Miller, of Washington, D. C. (King & Nordlinger and Milton W. King, all of Washington, D. C., on the brief), for respondent.

Before PARKER, SOPER, and NORTHCOTT, Circuit Judges.

PER CURIAM.

The order of the National Labor Relations Board, for which enforcement is asked in this case, relates to the disestablishment of Aircraft Workers Council, an independent union which was organized in the plant of Engineering & Research Corporation at Riverdale, Maryland, in May, 1943. Active solicitation of members for the Independent was begun when United Automobile, Aircraft and Agricultural Implement Workers, a C.I.O. organization, opened a campaign to organize the plant. The result was that in two days 1,064 out of 1,800 employees signed with the Independent. The findings of the Board of interference in the campaign by the employer are based chiefly on the circulation of a petition for membership in the Independent amongst the employees by instructors and leadmen of the company, and on the activities of the elected officers of the Independent whose positions brought them into close contact with the management, and included a production planning employee as president, a supervisor of accounts as vice president, and an assistant purchasing agent as treasurer.

The leadmen and instructors were experienced and skillful employees, usually paid from 5 to 10¢ an hour more than first class mechanics, and were taken on to perform some of the duties of the foremen when the plant was expanded to do war work. They laid out the work, gave instructions for its performance, saw that it was properly done and reported instances of inefficiency to the foremen.

Upon an examination of the record we cannot find that there was substantial evidence to show that the employer intended to interfere with or dominate the formation of the Independent or encourage its formation; but, on the other hand, we cannot say that the employees may not have believed that those who solicited membership for the Independent and took a leading part in its organization were not acting for or on behalf of the management. In such a situation the Supreme Court has held that the Board is justified in concluding that the employees did not have the complete and unhampered freedom of choice which the Act contemplates. International Ass'n of Machinists v. National Labor Relations Board, 311 U.S. 72, 80, 61 S.Ct. 83, 85 L.Ed. 50; H. J. Heinz Co. v. National Labor Relations Board, 311 U.S. 514, 520, 61 S.Ct. 320, 85 L.Ed. 309. The order of the Board will therefore be enforced by a decree of this court.

Affirmed.